## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

February 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GUARDIAN FIBERGLASS, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 15-0331** (BOR Appeal No. 2049725)
(Claim No. 2012028477)

**TERRY LLOYD,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Guardian Fiberglass, Inc., by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 12, 2015, in which the Board affirmed a July 30, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 24, 2012, decision rejecting Mr. Lloyd's application for workers' compensation benefits. Instead, the Office of Judges held the claim compensable for acute sinusitis and toxic effect of mold. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lloyd worked as an electrician for Guardian Fiberglass, Inc. At the end of January of 2012, Mr. Lloyd and several colleagues conducted renovations of their office space. During the remodeling, black discoloration which was believed to be mold was discovered under the baseboards. Mr. Lloyd and his colleagues used bleach to clean the mold spots, but it reappeared several days later. Mr. Lloyd began suffering from respiratory and nasal related symptoms at this time, and in the beginning of March of 2012, EMLab P&K, an industrial hygienist, conducted testing which confirmed that several types of mold were present in Mr. Lloyd's work

1

environment. Following this testing, Mr. Lloyd sought treatment from Kevin Culbert, D.O, who found that he experienced several symptoms including nosebleeds, chest congestion, sinus discomfort, and coughing with production. Dr. Culbert found that Mr. Lloyd had somatic symptoms suggesting exposure to mold particles and mycotoxins in his work environment. Dr. Culbert recommended that Mr. Lloyd be removed from the affected area until the mold problem was corrected. He also referred Mr. Lloyd to an allergist, Robert C. McQueen, M.D. Dr. McQueen found that Mr. Lloyd experienced fatigue and flu-like symptoms after being exposed to mold at work. He performed allergy skin testing on Mr. Lloyd and determined that he had an allergic response to mold. He found that Mr. Lloyd possibly had allergic rhinitis and stated that he would test for sinusitis related to mycotoxins. Based on Dr. Culbert's and Dr. McQueen's opinions, Mr. Lloyd filed an application for workers' compensation benefits alleging that he suffered mold exposure at work. The application was signed by Dr. Culbert. Dr. Culbert also submitted a letter to the claims administrator requesting that Mr. Lloyd remain off work until the mold was removed from his work environment.

Dr. McQueen also submitted a letter to the claims administrator. Dr. McQueen concluded that, even though Mr. Lloyd showed some evidence of mold allergy, his symptoms were primarily related to the toxic effect of exposure to mold. Dr. McQueen also submitted a second letter to the claims administrator in which he listed Mr. Lloyd's conditions as acute sinusitis and toxic effect of mold.

Following Mr. Lloyd's application, Guardian Fiberglass, Inc.'s, industrial hygienist again tested the air and surface presence of mold in Mr. Lloyd's work environment. After reviewing this testing, Dr. Culbert concluded that there was no need for Mr. Lloyd to remain off work because the levels of mold in his work environment were not greater than the ambient outdoor mold levels. On May 24, 2012, the claims administrator rejected Mr. Lloyd's application for workers' compensation benefits stating that there was no evidence that an injury or disease occurred in the course of and resulting from his employment.

Two years after the claims administrator's decision, Christopher Martin, M.D., performed an independent medical evaluation of Mr. Lloyd. He concluded that Mr. Lloyd had not been exposed to any unusual levels of mold in his workplace and did not suffer any adverse health consequences because of any exposure. Dr. Martin found that Mr. Lloyd's symptoms were not consistent with the normal effects of mold exposure. He found that Mr. Lloyd did not have any diagnosable medical condition related to his exposure to mold. Dr. Martin took chest x-rays and performed pulmonary function testing on Mr. Lloyd, and he determined that neither revealed the effect of mold exposure. However, on July 30, 2014, the Office of Judges reversed the claims administrator's rejection of Mr. Lloyd's application and held the claim compensable for acute sinusitis and toxic effect of mold. The Board of Review affirmed the Office of Judges' Order on March 12, 2015, leading Guardian Fiberglass, Inc., to appeal.

The Office of Judges concluded that the claim should be held compensable for acute sinusitis and toxic effect of mold. The Office of Judges adopted Mr. Lloyd's position regarding the compensability of the claim because it determined there was an equal amount of evidentiary weight in favor of Mr. Lloyd's and Guardian Fiberglass, Inc.'s, positions. The Office of Judges

specifically relied on the opinion of Dr. McQueen who diagnosed Mr. Lloyd with acute sinusitis and toxic effect of mold exposure related to his work. The Office of Judges also considered Dr. McQueen's opinion that Mr. Lloyd possibly suffered allergic rhinitis related to mold exposure, but it did not hold the claim compensable for this condition because Dr. McQueen did not conclusively diagnose him with an allergic reaction to mold exposure. The Board of Review adopted the findings of the Office of Judges and affirmed its decision.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Lloyd has presented sufficient reliable evidence to demonstrate that he developed an occupational disease in the course of and resulting from his employment. The treatment notes of Dr. McQueen demonstrated that Mr. Lloyd suffered acute sinusitis and toxic effect from exposure to mold in his work environment. Dr. McQueen's opinion is consistent with the testing performed by EMLab P&K. Dr. McQueen attributed Mr. Lloyd's symptoms to his work exposure, and this opinion is supported by the treatment notes of Dr. Culbert. The Office of Judges was within its discretion in relying on Dr. McQueen's opinion. It provided adequate reasons in support of its decision under West Virginia Code § 23-4-1g (2003) which requires that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted." Although Dr. Martin questioned the relevance of EMLab P&K's testing, his evaluation is not sufficiently consistent with the remainder of the evidence in the record. The Office of Judges was within its discretion in disregarding Dr. Martin's opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II